IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOAN A. WOLFENSBERGER,        )
                              )
           Plaintiff,         )
                              )
     v.                       )    No.   05 C 5204
                              )
IN AND OUT MOVING & STORAGE, INC., )
                              )
           Defendant.         )

MEMORANDUM ORDER

In and Out Moving & Storage, Inc. ("In and Out"), having removed this action from the Circuit Court of Cook County on asserted preemption grounds, has now served notice of its proposed October 11, 2005 presentment of a motion to dismiss the Complaint brought by Joan Wolfensberger ("Wolfensberger") on the same ground. But there is no need to await presentment of the motion: For the reasons stated in this sua sponte opinion, it is denied, and In and Out is ordered to answer Wolfensberger's Complaint on or before October 11.

It is not that In and Out is wrong as to its contention of the complete preemption of Wolfensberger's damage claims by what was originally known as the Carmack Amendment and has now been distributed among several sections of Title 49 by the I.C.C. Termination Act of 1995--on that score, see this Court's recent opinion in <u>Ducham v. Reebie Allied Moving & Storage, Inc.</u>, 372 F.Supp.2d 1076 (N.D. Ill. 2005). In and Out's problem is rather that the existence of the complete preemption doctrine on which

it relies does not call for dismissal of Wolfensberger's action. It is well established that the test for survival of a federal complaint (see Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)) does not hinge upon plaintiff's identification of a legal theory that will justify relief--indeed, even the assertion of the wrong legal theory does not call for tossing a party out of court (in both of those respects, see such cases as Bartholet v. Reishauer A.G. (Zürich), 953 F.2d 1073, 1078 (7th Cir. 1992) and NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 292 (7th Cir. 1992)).

Accordingly In and Out's motion to dismiss is denied. It is ordered to answer the Complaint, which is to be viewed as asserting a Carmack-Amendment-based claim, on or before October 11. And because the need for the earlier-scheduled status hearing at 9 a.m. on that same date remains, the parties are expected to appear in court at that time.

*Milton I. Shadur*
Milton I. Shadur
Senior United States District Judge

Date: October 3, 2005