IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOAN A. WOLFENSBERGER, )
)
         Plaintiff, )
)
v. ) No. 05 C 5204
)
IN AND OUT MOVING & STORAGE, INC., )
)
         Defendant. )

## MEMORANDUM OPINION AND ORDER

On October 3, 2005 this Court issued a brief memorandum order (elaborated on a bit by an even more brief Supplement on October 5) that denied the motion by In and Out Moving & Storage, Inc. ("In and Out") to dismiss, on preemption grounds, the Complaint brought against it and a codefendant by Joan Wolfensberger ("Wolfensberger"). Then at the previously-scheduled October 11 initial status hearing, this Court raised the question whether federal subject matter jurisdiction existed in any event, so as to justify In and Out's having removed this action from the Circuit Court of Cook County to this District Court. In response In and Out's counsel assured this Court that jurisdiction did indeed exist, and counsel has now filed a Memorandum Regarding Jurisdiction in attempted support of that position.

    In and Out's Mem. 1 begins with this candid acknowledgment:

> 28 U.S.C. §1337(a) confers jurisdiction upon the district courts in actions arising under 49 U.S.C. §14706 only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of

interest and costs.

But Mem. 1 then goes on to state misleadingly:

> It is apparent that the amount in controversy herein exceeds $10,000 under the single bill of lading for Plaintiff's shipment of household goods since the Complaint was originally filed in the Law Division of the Circuit Court of Cook County, Illinois which has a minimum threshold jurisdictional amount of $50,000.

Not so--that ad damnum specification by Wolfensberger's counsel was predicated on his mistaken belief that she could recover on general state law grounds of negligence (Count I), breach of contract (Count II) and conversion (Count III), which In and Out urged and this Court agreed was simply wrong because all such state law claims are preempted by the Carmack Amendment (now codified as 49 U.S.C. §14706). And that erroneous belief on the part of Wolfensberger's counsel cannot properly be relied upon by In and Out to confer jurisdiction if it does not in fact exist.

As an attempted second string to In and Out's jurisdictional bow, its counsel seeks to argue that any claimed nonexistence of an amount in controversy in excess of $10,000 is an affirmative defense, so that the mere potential of a greater recovery would suffice for jurisdictional purposes. But that approach ignores the established principle that where a complaint relies upon a written document as the basis for recovery, the Court is entitled to take the provisions of that document into account. And on that score In and Out is hoist by its own petard: Wolfensberger's failure to designate a greater value in its

2

documentation with In and Out limits her potential recovery against it to $.60 per pound, which given the estimated 3,640 pound weight of her household goods shipment (Complaint Ex. A) cabins that potential recovery against In and Out to no more than $2,184.[1]

In sum, it is more than clear that, as 28 U.S.C. §1447(c) puts it, "it appears that the district court lacks subject matter jurisdiction." That being so, the same section mandates remand of the case to the state court. This Court so orders, and as permitted by this District Court's LR 81.2, the certified copy of the remand order shall be mailed forthwith.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 14, 2005

---

[1] That limitation does not apply to Wolfensberger's potential claim against codefendant Baker International Insurance Agency, whose insurance certificate lists a total value of $20,000 for her household goods (Complaint Ex. B). But that independent claim has no bearing on the existence of federal jurisdiction under the Carmack Amendment, and it is clear that no other federal jurisdictional ground exists.